UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KNUTSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF THE ARMY, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-1997-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. ECF Nos. 2, 5. As discussed below, his application is granted but his complaint must be dismissed without leave to amend.

I.　Application to Proceed In Forma Pauperis

Plaintiff's application and trust fund account statement make the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

II.　Screening Requirements

Although plaintiff is eligible to proceed in forma pauperis the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

1

employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint

under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

III. <u>Screening Order</u>

Plaintiff claims that he "acquired 2 sets of identifying particulars in 1970" and that there is a question as to whether he is owed ten thousand dollars by way of an unspecified contract with the United States Department of the Army. ECF No. 1 at 4. Rather than explain the nature of this contract, he instead proceeds to request that the court make a determination as to whether an unspecified interrogatory dated September 4, 2017 is "an abuse of process and illegal discovery." *Id.*

Plaintiff then makes puzzling reference to the 1991 Gulf War. *Id.* at 7. He states that this conflict coincided with the administration of President George H.W. Bush "pull[ing] the plug on the general rule of discrimination against the individual, Ronald Knutson." *Id.* It is entirely unclear what these allegations are trying to convey.

Next, plaintiff states that, in 1986, the California Supreme Court established a "constructive trust" in his name.[1] *Id.* With respect to this trust, he argues that "the Judicial Branch . . . may address the purpose of Interests Subject to Lien and Joint Tenancy Interests under Schoenfeld v. Norberg." *Id.* These allegations are similarly opaque.

The remainder of the complaint is even less comprehensible and the court will not undertake to distill it in this order. Suffice it to say, these allegations consist primarily of inapposite legal citations and inscrutable logic. *See, e.g., id.* at 8 ("Plaintiff further alleges that in participating in a contractual or other arrangment (sic) or relationship that has the effect of subjecting a covered entities contract employee to discrimination, third party have come to rely on factors that are consistant (sic) with utilizing standards, criteria, or methods of administration

/////

---

[1] Plaintiff states that he was born "Ronald Thrillkill," and that the trust is listed under this name. *Id.* at 6-7.

3

that have the effect of discrimination because of who the plaintiff should know as opposed (sic) to who he doesn't know.").

It is apparent that plaintiff's complaint must be dismissed. None of his allegations state a cognizable §1983 claim (indeed, none of his legal arguments are intelligible) and, factually, the allegations can only be categorized as fanciful. The Supreme Court has held that a complaint is frivolous if it "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where the factual contentions contained therein are clearly baseless, *id.* at 327, and the court finds it appropriate to do so in the instant case.

The only question that remains is whether that dismissal should be with or without leave to amend. The Ninth Circuit has held that "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (internal quotation marks and citations omitted). The disjointed, unintelligible nature of plaintiff's complaint convinces the court that further attempts to refine these allegations would not be fruitful. There is simply no version of these facts and arguments which can be shaped into a valid claim.

IV.     Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith; and

3. The Clerk is directed to randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's complaint (ECF No. 1) be DISMISSED without leave to amend as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 3, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE